Evans, J.
delivered the opinion of the Court.
I think it was abundantly proved that the defendant's schedule was false, in not including the negroes mentioned in the deed from the defendant to John Craps, in trust for his wife, Elizabeth Craps, and her children. The deed is a species of marriage settlement, which, according to the Act of 1824, should have been recorded, both in the Secretary of State's office, and in the Clerk’s office of Lexington district. It was not recorded in the latter office ; was therefore void unless Patrick, the creditor, had notice. Since the case of Tart v. Crawford, it has been uniformly decided that where the creditor had notice of the deed, that shall stand in the place of recording. But the notice which will suffice, must be an explicit notice of the existence of the deed, such as he would have had if the deed had^ been recorded. The object of recording is to give notice, and the knowledge which is to supercede the recording, must be of the deed, the recording of which has been neglected. I do not mean to say that the creditor or purchaser must have knowledge of the entire contents of the deed, but to charge him with the required notice he must know that a deed settling the property has been executed, and that the title has passed out of the grantor. It is very manifest Patrick had no notice of the deed, nor does it seem that any of the witnesses had. Apman says Patrick told him he understood Mrs. Craps was a free dealer, but he did not regard that; Craps could not make his wife a free dealer ; he would get his money notwithstanding. It is clear from this, his debt was due; after that, it would seem from the evidence of this witness, he asked Mrs. Craps about the right to the property, and she said it was made over to her, but there was no explanation as to the manner, for he says on his cross examination that he never heard of the deed.— He told Patrick of this conversation, but this was no notice to him of the existence of the deed in controversy, and even if it was, Patrick’s debt was then due.
I am of opinion there was no such sufficient notice of the existence of the deed as will dispense with the recording; and as a consequence, that the verdict of the jury was wrong, and a new trial is ordered.
Rxchae-dson, J. — O’Neall, J. — Frost, J. — and Withers, J. — concurred.

Motion granted.